## Carroll White *v.* The State.

1. Continuance — Diligence. — Defendant alleged in his affidavit for a continuance that as soon as he could procure counsel, which was done within a very few days after the finding and service of the indictment, he applied for an attachment for the witness, which was issued on the same day, and which, the applicant is informed and believes, was mailed by the clerk to the sheriff of the proper county, and has not yet been returned. *Held,* that the application does not, in view of all the facts, show due diligence, and was properly refused.

2. New Trial. — In passing upon a motion for a new trial, based upon alleged error in refusing a continuance for want of testimony, it is competent to look into the testimony adduced, not to test the sufficiency of the application for a continuance, but to determine whether a new trial should have been granted because of the refusal of the continuance.

Appeal from the District Court of Falls. Tried below before the Hon. L. C. Alexander.

By indictment, filed in the District Court of Falls County on the fifth day of September, 1878, the appellant and George and Joe White were charged with the theft of a gelding, the property of Zenas Bartlett. The appellant, being tried alone, was found guilty, and his punishment fixed at ten years in the penitentiary.

When the case was called for trial, the appellant asked

for a continuance, to procure the testimony of one John
Cross. The application, in addition to the allegations
copied in the opinion, averred that the appellant expected
to prove by the said Cross that himself, George, and Joe
White were employed by Cross to take the horse described,
together with certain goods belonging to Cross at Bre-
mond, through towards Calvert, while he (Cross) was to
go through the business part of Bremond, and overtake
appellant, George, and Joe at a section-house water-tank
between the towns named ; that Cross had told defendants
that he had lost his horse in Falls County, and asked them
to help him hunt for it ; that defendants did not know that
the horse was not the property of Cross, and that neither
of the defendants claimed the horse ; that they did not see
the said Cross again, after parting with him at Bremond,
until after they were arrested, when they learned that he
was living in Hood County, Texas ; that the facts, as above
expected to be proved, are true ; that this continuance is
not sought for delay, etc.

Upon the trial, the continuance being refused, Zenas
Bartlett testified that he owned the gelding described in the
indictment; had raised him, and knew him well. The
horse was in the habit of coming up early. Was turned
out on the Saturday of the theft, and witness did not see
him again for four or five days afterwards, when, having
heard that the animal was at Calvert, his son, Churchill
Bartlett, went there and brought him back. Had never
given the defendants, or either of them, or any one else,
permission to take the horse.

Churchill Bartlett, for the State, testified that his father
had raised the gelding, and witness knows him well. A
few days after the gelding was missed, witness got infor-
mation that he was in Calvert, and accordingly went there
and recovered him. Got the animal at the livery-stable
from Mr. Jones, in Calvert, Robertson County, Texas.
The horse is worth $50 or $75.

Jones, for the State, being sworn, testified that he is a

deputy under his brother, the sheriff of Robertson County. On Monday or Tuesday, after the alleged theft, he saw the defendant and the other two Whites in possession of the animal described, in Calvert, thirty-six miles from Marlin, but does not remember whether the animal was being led or was ridden. It was the same, and the only horse that witness had turned over to Churchill Bartlett. The defendant and George and Joe White were together, going towards Marlin, and were arrested in possession of the animal.

Sam Read, deputy-sheriff of Falls County, sworn for the State, says that he knows the horse well, and that he is the property of Zenas Bartlett. Witness saw the horse, soon after the alleged theft, in the possession of Jones, deputy-sheriff of Robertson County, and saw the Whites in Marlin on the day of the alleged theft.

White, George White's father, testified, for the defence, that George White had been hired, a few weeks before the alleged theft, to do some hauling with a wagon, and that Carroll White was so engaged.

*J. L. Scott*, for the appellant. The appellant, Carroll White, was tried under an indictment for theft of a gelding, at the September term of the District Court of Falls County, and found guilty.

The bill of indictment was served on the defendant in jail, on the 6th of September, and on the 12th he applied for and obtained attachment for witness John Cross. The motion for new trial was filed on the 18th of September. The cause was tried on September 17th.

He filed an application for a continuance, which was overruled by Judge Alexander because there was no diligence shown, and because testimony was immaterial.

The State made her case by inferential, or circumstantial, evidence — by possession of the gelding in Calvert.

. The defendant objected to the charge in his application for a new trial.

. As to question of diligence, we refer to the following :

*Dinkins* v. *The State*, 42 Texas, 250 ; *Allphin* v. *The State*, 41 Texas, 79 ; *Henrie* v. *The State*, 41 Texas, 574 ; *Trevinio* v. *The State*, 1 Texas Ct. App. 72.

That the court erred in overruling appellant's application for new trial, see *Bowen* v. *The State*, 3 Texas Ct. App. 617 ; *Cooper* v. *The State*, 19 Texas, 449 ; *Reed* v. *The State*, 43 Texas, 319 ; *Stell* v. *Paschall*, 41 Texas, 640 ; *Sheffield* v. *The State*, 43 Texas, 378.

That the court erred in its charge, see *Barnes* v. *The State*, 41 Texas, 342 ; *Sanders* v. *The State*, 41 Texas, 309 ; Pasc. Dig., arts. 3059, 3060 ; Pasc. Dig., art. 3067 ; *Marshall* v. *The State*, 42 Texas, 202 ; *Farrer* v. *The State*, 42 Texas, 275.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. This is an appeal from a judgment of conviction for theft of a gelding.

When the case was called for trial, the defendants — there being two before the court — applied for a continuance on account of the testimony of one John Cross, averred to be a resident of Hood County. They alleged in their affidavits for a continuance that, as soon as they could procure counsel to represent them in the case, which they say was done within a very few days after the finding and service of a copy of the indictment against them, and which, they say, was served on September 6, 1878, they applied for an attachment for the witness. This, they say, was done on September 12, 1878, and that on that day the clerk issued an attachment for the witness, and that they are informed and believe that the clerk mailed it to the sheriff of Hood County, and that the attachment has not been returned.

The court overruled the application for a continuance. The defendants took a bill of exceptions to the ruling, and made it a ground of complaint in the motion for a new trial. It is also assigned as error. The judge, in giving a bill of

exceptions to the ruling on the application for a continuance, says he overruled it because no due diligence is shown to procure the testimony, nor any excuse for the lack of diligence. It will be noticed that no attempt is made to procure the testimony until September 12th, when, it is alleged, the attachment was applied for and its issuance procured; nor is there any attempt to show, either that they did not know of the importance and materiality of the witness's evidence at an earlier day than as stated in the affidavit, or that they had made any effort to inform themselves. They do not state definitely, but show inferentially, that they knew, from a very few days after the date of the alleged theft, where the witness resided. This is shown by the statement as to where they last saw the witness, and where they say they never saw him any more until they were arrested, " when they learned he lives now in Hood County, Texas."

The testimony adduced on the trial shows that the defendants were arrested very soon after the date of the theft, which is alleged to have occurred on April 21, 1878. It is unreasonable to suppose that, if they really expected to make proof of the facts they say they expected to do by this witness, they, being under arrest, charged with the theft, should not have made use of the utmost diligence known to the law, in order to be certain of his testimony; or, if they had been prevented from employing such diligence, that they would not have so stated. There are inconsistencies and insufficiencies in other respects, which it is not necessary to discuss.

It is competent to look into the testimony adduced, not to test the sufficiency of the application for a continuance, because this had to be passed upon before the court had heard the other testimony, but in order to determine whether a new trial should on that account have been granted, which had to be passed on after the other testimony in the case had been heard. *Cooper* v. *The State*, 19 Texas, 449.

In Cooper's case, cited by counsel for one of the appellants, the court looked to the facts, in considering the motion for a new trial, in order to determine that a new trial should have been *granted;* and, on the authority of that case, we make the same rule in order to determine that a new trial should have been *refused*, and was properly refused.    Still, it is not indispensable, by any means, that we should resort to this.    The application, when tested by itself, shows a want of diligence to procure the testimony ; and we are of opinion that the court did not err, either ˙in refusing the application for a continuance or in overruling the motion for a new trial.

Counsel for the appellant cites some authorities in order to show that a continuance should have been granted.    The case of *Trevinio* v. *The State*, 1 Texas Ct. App. 72, is perhaps as strong as any in support of his position.    In that case, the defendant was indicted June 29, 1875 ; was arrested and confined in jail on the same day the indictment was found ; and, on the day following, attachment was issued ˙for his witness ; and on July 6, 1875, the affidavit was made for a continuance.    In respect to the materiality of the witness, the difference was even greater in favor of the defendant, in that case, than on the question of diligence.

We do not deem it important to discuss any other question raised on the motion for a new trial.    We have examined the whole case as presented in the record before us, and find nothing which would warrant an inteference with the verdict and judgment.

The judgment of the District Court is affirmed.

*Affirmed.*